# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 07/20/2020 04:42 PM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Johnston,Deputy Clerk
Case 2:20-cv-07818-JFW-MRW   Document 1-1   Filed 08/27/20   Page 2 of 12   Page ID #:13
20TRCV00499
Assigned for all purposes to: Torrance Courthouse, Judicial Officer: Gary Tanaka

KIRTLAND & PACKARD LLP
Michael Louis Kelly – SBN No. 82063
mlk@kirtlandpackard.com
Heather Baker Dobbs – SBN No. 261303
hmb@kirtlandpackard.com
Connor M. Karen - State Bar No. 316347
cmk@kirtlandpackard.com
1638 South Pacific Coast Highway
Redondo Beach, California 90277
Telephone (310) 536-1000
Facsimile  (310) 536-1001

Attorneys for Plaintiff,
ROBERT JONES

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ROBERT JONES,<br><br>            Plaintiff,<br><br>vs.<br><br>PRAXAIR, INC., a Delaware Corporation; PRAXAIR DISTRIBUTION, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>            Defendants. | Case No. 20TRCV00499<br><br>**COMPLAINT FOR DAMAGES**<br><br>(1) **FAILURE TO PAY ALL OVERTIME WAGES OWED;**<br>(2) **FAILURE TO PAY ALL MEAL PREMIUM WAGES OWED;**<br>(3) **FAILURE TO PAY ALL REST PERIOD WAGES OWED;**<br>(4) **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS; and**<br>(5) **FAILURE TO PAY ALL WAGES UPON TERMINATION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES

Plaintiff Robert Jones alleges as follows:

## INTRODUCTION

1. Robert Jones is a former employee of Praxair Distribution, Inc., which on information and belief is a subsidiary of Praxair, Inc., a company that provides atmospheric and other gases to public and private industrial companies (Praxair, Inc. and Praxair Distribution, Inc. will be jointly referred to herein as "Praxair").

2. Praxair misclassified Robert Jones as an independent contractor.

3. Robert Jones worked well in excess of five eight-hour days per week, but was only paid as if he had worked five eight-hour days per week during the entire duration of his employment.

4. Praxair did not make available to Robert Jones meal and rest periods, nor did Praxair, provide accurate and itemized wage statements to Robert Jones.

5. Robert Jones brings this action under California law and the California Industrial Wage Commission's Wage Orders to recover damages corresponding to his unpaid wages, unpaid overtime, meal and rest breaks that were not provided, and other benefits provided to employees under California law.

## PARTIES

6. Plaintiff Robert Jones is a citizen and resident of Los Angeles County, California and was employed for approximately three years by Praxair, a worldwide industrial gases company, in the U.S. Public Sector Contracts Department.

7. Defendant Praxair, Inc. is a Delaware corporation doing business in California, with its headquarters at 10 Riverview Dr., Danbury, CT.

8. Defendant Praxair Distribution, Inc. is a Delaware corporation doing business in California, with its headquarters at 10 Riverview Dr., Danbury, CT.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, as well as any appropriate charging allegations, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants

COMPLAINT FOR DAMAGES

designated herein as Does is legally responsible in some manner for the events and happenings referred to herein and caused injury and damage proximately thereby to Plaintiff as hereinafter alleged. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as Does when the same have been fully ascertained.

## JURISDICTION AND VENUE

10. Plaintiff Robert Jones alleges that all of the facts, acts, omissions, events, and circumstances herein mentioned and described herein, occurred within the jurisdiction of this Court in the County of Los Angeles, California.

11. This Court has jurisdiction over the present matter because the nature of the claims and the amount in controversy meets the requirements for unlimited jurisdiction in the Superior Court of California, County of Los Angeles.

## FACTUAL ALLEGATIONS

12. Plaintiff started working for Praxair in the division dedicated to contracts within the United States on May 15, 2016.

13. The initial contract securing Plaintiff's employment services indicated an end date of November 15, 2016, though Plaintiff worked several years beyond then until June 23, 2019.

14. Praxair internally classified Mr. Jones as an independent contractor and treated him as if he were one. The justification Defendants provided in classifying Plaintiff as an independent contractor, rather than an employee, was that such classification provided an easier method for Defendants to include him in their budget.

15. Plaintiff was required to report absences to his superior and considered it a requirement to request planned time away for approval by his superior.

16. Though he never missed a day for illness, Plaintiff was aware he must report such to a superior if such a time arose.

17. According to the contract for employment, Plaintiff was hired by Praxair for the purpose of identifying "potential state and municipal businesses that Praxair distribution can

participate in throughout the United States" and "qualify the opportunity and work internally to get the proper legal and business approvals and quote the business following that various State and Municipal protocol". During his period of employment with Praxair, Plaintiff performed various duties including, without limitation, maintaining customer relationships, preparing and submitting bids for contracts on behalf of Praxair, working with other Praxair employees to complete bid packages, and passing on leads for contracts to other employees.

18. Praxair is in the business of assisting in the efficiency of industrial companies and projects by providing a "full range of atmospheric, process, industrial and specialty gases" and tailoring "supply systems to get those gases… safely and efficiently" to such companies.[1]

19. Plaintiff was paid a flat rate per week, regardless of the number of hours worked therein.

20. For the entire duration of his employment with Praxair, Plaintiff was paid for work 5 days per week for 8 hours per day. However, Plaintiff frequently worked in excess of 5 days per week, logging hours on weekends or the 6th and 7th work days of the week. Plaintiff also frequently worked in excess of 8 hours per day and at times in excess of 12 hours per day.

21. Despite the fact that Plaintiff often worked in excess of 8 hours per day, or even in excess of 12 hours per day, Praxair failed to pay Plaintiff overtime wages, time and a half or double-time wages, for such hours worked in excess of eight (8) per day or forty (40) per week, or on the

22. Defendants failed to keep track of Plaintiff's work time by using or offering to Mr. Jones any form of physical punch clock or electronic timekeeping system.

23. During his shifts, Plaintiff would be under the direction and control of Praxair at all times, responding to emails to and from his superiors at Praxair and submitting bids according to posted deadlines. Plaintiff was thereby restricted in his ability to use such time freely.

24. Plaintiff unequivocally was under the control and discretion of Praxair with regard to his work performance and product. When Plaintiff worked, he did so with use of Praxair-owned computers and business cell phone, issued and paid for by Praxair. Plaintiff utilized the business cell

---

[1] *See Praxair's Self-Description* (accessible at www.praxair.com/industries).

COMPLAINT FOR DAMAGES

phone to make calls to and receive calls from both Praxair employees as well as prospective and current Praxair customers. Plaintiff received and answered emails from his email address Robert_JonesJr@Praxair.com. Plaintiff's emails included an associated Praxair signature block with his name and title of "U.S. Public Sector Contracts" followed by Praxair's website information.

25. When Plaintiff was planning for time away, such time was subject to approval by his superior. If sick, Plaintiff was required to report his absence. Though he did not ever miss a day for illness during his time employed by Praxair, Plaintiff was well aware that he would need to report if such a time arose.

26. Illustrating further Praxair's control over Plaintiff's work product and hours worked, Plaintiff habitually took calls and answered emails, every day of the week, including weekends and holidays; often these responses were to other employees or his superiors at Praxair.

27. Throughout his employment with Praxair, Plaintiff's time was monopolized by Praxair, and therefore Plaintiff was not engaged in any independently established trade, occupation, or business of the same nature of the work performed for Praxair. Furthermore, Plaintiff was effectively prohibited from engaging in any other independently established endeavor due to the fact that he regularly dedicated beyond 40 hours per week, each week, working exclusively for Praxair. Plaintiff could not possibly, and did not actually, perform any work of the same nature for third parties at any point throughout his period of employment with Praxair.

28. Plaintiff's work, throughout his employment, was directed at the core of Praxair's business – sale of various gases to industrial companies – and therefore was specifically related to the services openly offered to its customers. Plaintiff did not at any time perform work unrelated to Praxair's core business, which is the sale of gases to industrial companies.

29. As such, Plaintiff Robert Jones and Defendants consistently conducted themselves as in an employer and employee relationship, and Plaintiff was at all times during this period an employee of Praxair and not an independent contractor.

30. Throughout his employment, Plaintiff was not provided the statutorily-mandated meal periods due to Praxair's lacking meal period policies/practices which fail to provide uninterrupted, duty-free 30-minute meal periods when employees work in excess of 5.0 hours in a day. As a result,

nearly every day that Plaintiff worked a shift in excess of 5.0 hours, he was not provided the opportunity to take a meal period due to work demands, or lack of meal period policy.

31. Additionally, Plaintiff would often times work in excess of 10 hours per day, but was not provided the opportunity to take a second meal period, again in violation of California law.

32. Despite not providing the legally-required meal periods, Praxair also failed to compensate Plaintiff for one hour of meal period premium wages for each meal period violation as required by Labor Code § 226.7.

33. Throughout his employment, Plaintiff was not provided the statutorily-mandated rest periods due to Defendant's lack of rest period policy. Additionally, Praxair failed to compensate Plaintiff for one hour of rest period premium wages for each rest period violation as required by California Labor Code § 226.7

34. As a result of Praxair's misclassification of Plaintiff Robert Jones as an independent contractor instead of as an employee, Defendants failed to adequately pay Plaintiff for wages to which he was entitled. Defendants failed to pay overtime, meal premium, and rest premium wages owed to Plaintiff.

35. Defendants also failed to pay all wages at time of termination and failed to provide accurate and itemized wage statements, for which penalties are due to Plaintiff.

36. Defendants unjustly placed the burden of employment taxes on Plaintiff by failure to pay its portion of payroll taxes.

37. Upon Plaintiff recognizing his right to be, *inter alia,* legally compensated for his hours worked in excess of eight hours per work day, in excess of forty hours per work week, and in the seventh consecutive day in a work week, he submitted to Defendants his request for payment of unpaid overtime wages. Defendants denied this request on June 23, 2019, when Praxair terminated Plaintiff Robert Jones's employment.

38. Upon Mr. Jones's termination, Defendants failed to provide Plaintiff with all wages he was owed at the time of his separation.

39. Plaintiff has suffered damages including unpaid earnings and wages to which he was entitled, and is entitled to compensatory damages, interest thereon, attorneys' fees, and costs of suit.

COMPLAINT FOR DAMAGES

## CLAIMS FOR RELIEF

## FIRST CAUSE OF ACTION

## FAILURE TO PAY ALL OVERTIME WAGES OWED (Cal. Labor Code § 1194)

**(By Plaintiff against Defendants Praxair, Inc. and Praxair Distribution, Inc. and Does 1-10)**

40. Plaintiff re-alleges and incorporates by reference all of the preceding allegations.

41. California Labor Code §§ 204, 510, 558 collectively require that employers pay all non-exempt employees all overtime wages for all overtime worked (hours in excess of 8 in one day or 40 in one week, or hours worked on the seventh consecutive day in one workweek). California Labor Code § 1194 provides employees a private right of action in the event of an employer's failure to pay all overtime compensation for overtime work performed.

42. At all times relevant herein, Defendants were required to compensate Plaintiff for all overtime hours worked under California law. Defendants were required to pay Plaintiff Robert Jones one and one-half (1½) times the regular rate of pay for work in excess of 8 hours per workday, work in excess of 40 hours per workweek, and the first eight hours of work on the seventh consecutive workday in one workweek. Defendants were also required to pay Robert Jones double his regular rate for work in excess of 12 hours each workday and/or in excess of 8 hours on the seventh consecutive day of work in the workweek.

43. Defendants suffered and permitted Plaintiff Robert Jones to work in excess of 8 hours in a workday, in excess of 40 hours in a workweek, and on the seventh consecutive day in one workweek, but did not compensate Plaintiff at one and one-half times his regular rate of pay for such hours. Defendants also caused Plaintiff to work in excess of 12 hours in a work day, and for more than eight hours on the seventh consecutive day in a workweek, but did not properly compensate Plaintiff at double his regular rate of pay for such hours.

44. The foregoing conduct by Defendants is unlawful and creates an entitlement to recovery by Plaintiff in a civil action for the unpaid amount of overtime premium owing, including interest thereon, statutory and civil penalties, and attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

## FAILURE TO PROVIDE MEAL PERIOD WAGES OWED (Cal. Labor Code § 226.7 and IWC Wage Orders)

**(By Plaintiff against Defendants Praxair, Inc. and Praxair Distribution, Inc. and Does 1-10)**

45. Plaintiff re-alleges and incorporates by reference all of the preceding allegations.

46. Praxair did not provide Robert Jones required meal periods under California Labor Code and § 11 of the relevant Wage Order by the California Industrial Welfare Commission.

47. Despite Defendants' failure to provide meal periods, Defendants did not pay an additional hour of pay to Plaintiff at his respective regular rate of compensation under California Labor Code §§ 226.7 and 512.

48. As a result, Defendants are responsible for paying premium compensation for meal period violations including interest thereon, as well as statutory penalties, civil penalties, and costs of suit, under Labor Code §§ 226.7, 512, and 558, the California Industrial Wage Commission's Wage Orders, California Code of Civil Procedure § 1021.5, and Civil Code §§ 3287(b) and 3289.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY ALL REST PERIOD WAGES OWED (Cal. Labor Code § 226.7 and IWC Wage Orders)

**(By Plaintiff against Defendants Praxair, Inc. and Praxair Distribution, Inc. and Does 1-10)**

49. Plaintiff re-alleges and incorporates by reference all of the preceding allegations.

50. Defendants did not provide Plaintiff Robert Jones required rest periods under the California Labor Code and § 11 of the relevant Wage Order of the California Industrial Wage Commission.

51. Despite Defendants' failure to provide rest periods, Defendants did not pay an additional hour of pay to Plaintiff at his respective regular rate of compensation under California Labor Code §§ 226.7, and 512.

52. Defendants are therefore subject to compensatory damages including statutory and civil penalties, attorney's fees, and costs of suit, under Labor Code §§ 226.7, 512, and 558, the

California Industrial Wage Commission's Wage Orders, California Code of Civil Procedure § 1021.5 and Civil Code §§ 3287(b) and 3289.

### FOURTHCLAIM FOR RELIEF

### FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS (Cal. Labor Code § 226)

**(By Plaintiff against Defendants Praxair, Inc. and Praxair Distribution, Inc. and Does 1-10)**

53. Plaintiff re-alleges and incorporates by reference all of the preceding allegations.

54. Defendants knowingly and intentionally failed to furnish Plaintiff with accurate, itemized wage statements that included among other requirements, accurate total gross wages earned, meal and/or rest period premiums, and total net wages earned in violation of Labor Code §226 *et seq*.

55. Defendants' failure to furnish Plaintiff with complete and accurate, itemized wage statements resulted in actual injury, as said failures led to, among other things, the non-payment of overtime wages earned, the non-payment of meal and rest period premiums, and deprived Plaintiff of the information necessary to identify discrepancies in Defendants' reported data.

56. Defendants' conduct created an entitlement to Plaintiff in a civil action for damages and/or penalties under Labor Code § 226, including statutory and civil penalties, attorneys' fees, and costs of suit.

### FIFTH CLAIM FOR RELIEF

### FAILURE TO PAY ALL WAGES AT TIME OF SEPARATION OF EMPLOYMENT (Cal. Lab. Code § 203)

**(By Plaintiff against Defendants Praxair, Inc. and Praxair Distribution, Inc. and Does 1-10)**

57. Plaintiff re-alleges and incorporates by reference all of the preceding allegations.

58. California Labor Code §§ 201-203 require an employer to promptly pay all wages due to an employee when the employment relationship ends.

59. Defendants willfully failed to timely pay Plaintiff all of his final wages at the time of termination, which include, among other things, underpaid minimum and overtime wages, and meal period premium wages.

60. Defendants continue to fail to pay Plaintiff all earned wages at the end of employment in a timely manner under Labor Code §§ 201-203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Compensatory damages plus interest;
2. Penalties as provided by statute;
3. Reasonable attorney's fees as provided by statute;
4. Costs of suit; and
5. Any other such other and further relief as the Court may deem just and proper.

DATED: July 17, 2020

**KIRTLAND & PACKARD, LLP**

By: /s/

MICHAEL LOUIS KELLY
CONNOR M. KAREN
HEATHER BAKER DOBBS

Attorneys for Plaintiff Robert Jones

COMPLAINT FOR DAMAGES

**DEMAND FOR JURY TRIAL**

Plaintiff Robert Jones hereby demands a jury trial.

DATED: July 17, 2020

**KIRTLAND & PACKARD, LLP**

By: _____

MICHAEL LOUIS KELLY
CONNOR M. KAREN
HEATHER BAKER DOBBS

Attorneys for Plaintiff Robert Jones

∞02691.00001 179916

COMPLAINT FOR DAMAGES